IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
_____

WARREN SETH SMITH, #200 261          *

      Plaintiff,                        *

      v.                                *          2:09-CV-472-ID
(WO)
LOUIS BOYD, *et al.*,                 *

      Defendants.                       *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate, brings this 42 U.S.C. § 1983 complaint challenging actions of correctional officials with respect to his classification as a restricted offender. Plaintiff also challenges the conditions of confinement to which he was subjected while housed at the Easterling Correctional Facility ["Easterling"] and the institution's no smoking policy.[1] Plaintiff names as defendants Warden Louis Boyd, Classification Specialist Sara Hayes, and Assistant Warden Carter Davenport. He seeks monetary damages, transfer to another correctional facility, and a court order that Defendants remove him from the restricted offender classification.

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint.

---

[1]During the pendency of this action Plaintiff was transferred to the St. Clair Correctional Facility, in Springville, Alabama.

The court then informed Plaintiff that Defendants' special report, may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment.  Plaintiff filed a response to the special report filed by Defendants.  This case is now pending on Defendants' motion for summary judgment.  Upon consideration of the motion, Plaintiff's opposition to the motion, and the supporting and opposing evidentiary materials,  the court concludes that Defendants' motion for summary judgment  is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord

3

> deference to the views of prison authorities. Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted).   Consequently, to survive Defendants' properly supported motion for

summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which

would be admissible at trial supporting his claims of constitutional violations.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.

"If the evidence [on which the nonmoving party relies] is merely colorable ... or is not

significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere

'scintilla' of evidence supporting the opposing party's position will not suffice; there must

be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson*

*v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v.*

*Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).   Conclusory allegations based on

subjective beliefs are likewise insufficient to create a genuine issue of material fact and,

therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge*

*Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d

1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of

[admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris*

*v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where

inmate produces nothing beyond "his own conclusory allegations" challenging actions of the

defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing

5

summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, 475 U.S. at 587.

## II.  DISCUSSION

*A.  Injunctive/Declaratory Relief*

Plaintiff is  no longer incarcerated at Easterling.  The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See  County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).  As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated at Easterling, his requests for injunctive and/or declaratory relief have been rendered moot.

*B.  Restricted Offender Classification*

Plaintiff alleges that Defendants conspired to classify him as a restricted offender "for no good reason," in violation of his right to due process and equal protection. Defendants deny Plaintiff's claims and state that they do not have responsibility for classifying inmates as restricted offenders, a task which is assigned to the Central Review Board.  The undisputed evidentiary material submitted in support of Defendants' dispositive motion further reflects that Plaintiff was assigned an "R" suffix, *i.e.*, restricted offender classification, as of October 2004, which pre-dated Plaintiff's arrival at Easterling. (*Doc. No. 14, Exhs. A-D.*)

*i.  Equal Protection*

Plaintiff complains that Defendants violated his right to equal protection by classifying him as a restricted offender which subjected him to differential treatment as compared to other inmates. Even if Defendants had some responsibility for Plaintiff's classification status, this claim entitles him to no relief.

In order to establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500

8

U.S. 352, 359 (1991).  In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required.  *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).  Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause.  *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff fails to meet his pleading burden as he does not allege that Defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation.  To the extent that Plaintiff relies on the fact that some inmates other than himself have been removed from restricted offender status as the basis for this claim, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause.  *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff's claim of discrimination does not rise to the level of an equal protection violation and, therefore, provides no basis for relief in this 42 U.S.C. § 1983 action.

*ii. Due Process*

Plaintiff argues that Defendants subjected him to an improper and/or arbitrary

9

classification level. Again, even if Defendants had responsibility for assigning Plaintiff to a particular classification level or status, this claim entitles him to no relief. An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.

### iii. Conspiracy

Plaintiff alleges that Defendants conspired to classify him as a restricted offender illegally and arbitrarily. While Plaintiff asserts that Defendants conspired against him, he offers no facts to support his contention. Claims of conspiracy that are generalized, vague, and conclusory provide no basis in fact and are, therefore, subject to dismissal. *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir. 1990); *Kearson v. Southern Bell Telephone & Telegraph Co.,* 763 F.2d 405, 407 (11th Cir.1985).

### C. Conditions of Confinement

Plaintiff describes a variety of conditions in existence during his confinement at Easterling which he maintains amounted to a violation of his Eighth Amendment rights. These conditions and problems includ inadequate and unsanitary toilet conditions,

insufficient living space due to overcrowding, poor and inadequate air quality, excessive noise, insufficient storage space, unhygienic dining facilities, and the housing of mentally and physically ill inmates in general population.

Defendants deny that Plaintiff was subjected to unconstitutional conditions of confinement during his incarceration at Easterling. While Easterling is over its intended inmate capacity, Defendants maintain that the facility is not unsanitary and that restrooms and kitchens are subject to constant cleaning and sanitizing. Defendants state that Easterling's heating and ventilation system are adequate and operational. While no mentally ill inmates are housed at Easterling, Defendants affirm that the institution has a number of physically ill inmates like any other major institution.  In sum, Defendants maintain that Plaintiff was exposed to neither inhumane nor unsanitary conditions during his incarceration at Easterling.  (*Doc. No. 14, Exhs. A-C.*)

The Constitution proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981).  There is no "static test" for determining which conditions violate the Constitution.  *Id*. at 346. Whether a violation exists requires a fact intensive determination of what conditions exist and whether objectively and subjectively the conditions offend the Constitution by amounting to seriously sufficient deprivations to which officials were deliberately indifferent. *See e.g., Farmer v. Brennan*, 511 U.S. 825 (1994).  Only actions which deny inmates "the minimal civilized measure of life's necessities," are grave enough to establish constitutional

violations.  *Rhodes*, 425 U.S. at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991) (overcrowding, without more, does not rise to the level of a constitutional violation).

A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832  (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Helling v. McKinney*, 509 U.S. 25, 33 (1993).   In order to demonstrate the objective component of an Eighth Amendment violation with respect to conditions of confinement, a prisoner must prove that  he was denied the "minimal civilized measure of life's necessities."  *Farmer*, 511 U.S. at 832.  The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).  The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it.  *Farmer*, 511 U.S.  at 828, 834, 837.

In this case, Plaintiff alleges in conclusory terms that he was subjected to unconstitutional conditions of confinement at Easterling.  All of the conditions or problems identified by Plaintiff are unfortunately problems of prison life in general, a life which, while not comfortable, must be humane. *Mathews v. Crosby*, 480 F.3d 1265, 1269 (11th Cir. 2007).

Defendants do not admit to any constitutional violation. While they concede that Easterling is over capacity, as noted, allegations of overcrowding alone are insufficient to state a claim under the Eighth Amendment and overcrowding alone is not *per se* unconstitutional. *Rhodes,* 452 U.S. at 348; *Castillo v. Cameron County, Tex.,* 238 F.3d 339 (5th Cir. 2001). Overcrowding conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhode*, 452 U.S. at 348.

Here,  Plaintiff has failed to establish that the conditions about which he complains deprived him of the minimal civilized measure of life's necessities or caused him serious harm, nor can the problems he describes be considered "abuses." Additionally, Plaintiff has failed to produce evidence which shows that Defendants knew of an obvious risk of serious harm to him and disregarded that risk, *Farmer* 511 U.S. at 837, or  that Defendants' actions resulted in the denial of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. The mere fact that the conditions and problems described by Plaintiff existed is insufficient to demonstrate a constitutional violation.  Consequently, Defendants' motion for summary judgment on Plaintiff's claims challenging the conditions of confinement at Easterling is due to be granted.

*D.  The Tobacco Claim*

Plaintiff complains that his confinement at Easterling, a non-smoking facility, violated his right to equal protection. Defendants state that they have no responsibility for inmate

13

housing assignments.  Nonetheless, Defendants' evidentiary material reflects that as part of a federal grant program, Easterling is a designated smoke-free institution. This policy is designed to promote better long-term inmate health with a concomitant reduction in the cost of inmate health care and the number of lawsuits brought by non-smokers over their exposure to second-hand smoke as well as the elimination or reduction of intentional and accidental fires caused by matches and cigarettes.  (*Doc. No. 14, Exhs. A-D.*)

Plaintiff argues that despite Easterling's designation as a tobacco-free institution, tobacco is still available to inmates who can afford it through a prison black market.[3] He contends that he cannot afford tobacco available through the prison black market and complains that not housing him at a facility where he "can smoke as well as other inmates" violates his right to equal protection.  (*Doc. No. 16.*)

Under the equal protection clause, a prison policy must bear a rational relationship to a legitimate penological objective. *William v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988).  Courts which have addressed claims that prison anti-smoking policies violate the Equal Protection Clause have repeatedly rejected such claims.  *See e.g., Webber v. Crabtree,* 158 F.3d 460 (9th Cir. 1998); *Beauchamp v. Sullivan,* 21 F.3d 789 (7th Cir. 1994). The act of smoking is entitled to only a minimal level of protection under the Equal Protection Clause. This is because smoking is not a fundamental right, nor are smokers a suspect class. *See, e.g., McGinnis v. Royster,* 410 U.S. 263 (1973); *Plyler v. Doe*, 487 U.S. 202, 216 (1981).  Because neither

---

[3]Plaintiff alleges that tobacco is at Easterling because he observed other inmates buy it every day. One cigarette cost a "red sack which is coffee." (*Doc. No. 16.*)

smoking nor possession of tobacco in a prison implicates any fundamental right or involves a suspect class, only a "rational basis" standard of scrutiny applies. *McGinnis, supra. See also Washington v. Harper,* 494 U.S. 210 (1990). The question is simply whether the regulation serves a legitimate state interest and whether the challenged regulation is rationally related to it. *City of Cleburne, Tx.*, 473 U.S. at 440. *See also McGinnis,* 410 U.S. at 270.

Plaintiff has not shown that he has, in fact suffered, unequal treatment in violation of the Equal Protection clause.  As a result of the potential § 1983 liability facing state actors if they do no protect non-smokers from smokers' second-hand smoke, the State of Alabama has a rationally based, legitimate interest in protecting the health of inmates who don't smoke. *See Helling*, 509 U.S. 25. A rational way of accomplishing the State's goal is to prohibit the sale or possession of tobacco products in its prisons. The prison policy prohibiting tobacco use, sale, and/ or consumption at Easterling is reasonably related to the legitimate objective of preventing the use of tobacco in violation of the ban.  Thus, Plaintiff fails to state a viable equal protection claim and Defendants are due to be granted summary judgment on this claim.  *See Webber,* 158 F.3d 460; *Johnson v. Saffle,* 166 F.3d 1221, 1998 WL 792071 (10th Cir. 1998) (table); *Harvey v. Foote,* 92 F.3d 1192, 1996 WL 441776 (9th Cir. 1996) (affirming dismissal for legal frivolity) (table).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims for injunctive and/or declaratory relief be DISMISSED as moot;

2. Defendants' motion for summary judgment (*Doc. No. 14*) be GRANTED;

3. Judgment be ENTERED in favor of Defendants and against Plaintiff; and

4. Costs be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **May 17, 2011**, the parties are DIRECTED to file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of May, 2011.

16

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF  UNITED  STATES  MAGISTRATE  JUDGE